## PORTER v. GEORGIA POWER & LIGHT CO.

### Civ. A. No. 94.

District Court, M. D. Georgia, Valdosta Division.

May 19, 1943.

Myer Goldberg, of Newnan, Ga., and O. W. Franklin, of Valdosta, Ga., for plaintiff.

T. G. Connell, of Valdosta, Ga., and K. E. Fenderson, of St. Petersburg, Fla., for defendant.

DEAVER, District Judge.

The defendant, Georgia Power and Light Company, is a corporation organized under the laws of the State of Georgia, and has its office and principal place of business in the City of Valdosta, Lowndes County, in the Middle District of Georgia. The defendant is engaged in the manufacture and distribution of electrical energy, the said electrical energy being manufactured and generated in the State of Florida, and transmitted in interstate commerce by means of its transmission and distribution lines to its customers in the State of Georgia.

Mrs. B. G. Porter is the duly appointed, qualified and acting administratrix of the estate of B. G. Porter, deceased, the said B. G. Porter, from October 24, 1938 through July 7, 1942 having been engaged in commerce or in the production of goods for commerce, and having been employed so to do by the defendant.

The said B. G. Porter, from the 24th day of October, 1938 to the 1st day of October, 1941, was employed and paid by the defendant for his services a salary of

$195 per month, and from October 1, 1941 until his death on July 7, 1942 he was paid for his services by defendant a salary of $200 per month.

During the entire period, from October 24, 1938 to July 7, 1942 the said B. G. Porter was employed and worked a total of 700 hours in excess of the maximum work hours prescribed by the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., for non-exempt employees.

The territory served by defendant is divided into three districts, to-wit: The Valdosta District, the Waycross District, and the Bainbridge District. In each of said districts defendant employs a district manager, a district engineer, a line crew, and other employees. The Valdosta District is composed of the counties of Lowndes, Echols, Lanier, Berrien, Cook, Brooks and part of Thomas. J. W. Lastinger is District Manager, and Hugh VanHorn is District Engineer for the Valdosta District.

From October 24, 1938 and until his death, B. G. Porter was foreman in charge of the line crew of the Valdosta District, the normal complement of which crew, other than Porter, consisted of three first-class linemen, one apprentice lineman, one helper and one truck driver-helper. On occasions during vacation periods this crew was reduced to as low as four in number, and on other occasions it was increased to as many as eight regular members. On occasions it was necessary to employ extra ground help to aid the regular crew in the performance of their duties.

It was the duty of said line crew to construct new transmission and distribution lines and equipment in the Valdosta District, and to maintain said lines and equipment in a proper state of repair, to the end that continuous and uninterrupted service of electrical energy at all possible times might flow from defendant's transmission lines and distribution systems to its customers.

As foreman, B. G. Porter was in charge of said line crew, supervising the performance of their work, delegating the duties to be performed by each member, and directing the movement of the crew from place to place for the performance of their work. He determined when the crew should work overtime and kept and reported the time worked by each member. He was charged with the duty of acquainting the members of the crew with the safety rules promulgated by the defendant, held safety meetings with the crew members at regular intervals, and it was his duty to see to it that the work was performed in accordance with these rules. He had the right, and did hire extra employees when needed and laid them off at will, without obtaining the permission of his superiors. His recommendations as to the hiring or firing, promoting, demoting or other changes in the status of his regular crew members were usually approved by his superiors. Work orders prepared by the District Engineer were turned over to him and the work was usually performed in accordance with them. However, he had the right to make limited changes in location, material, etc., when, in his discretion, such changes were advisable, reporting such changes to defendant when the work was completed. When work orders accumulated, he ordinarily determined the order in which they would be considered and the work performed. He checked the materials to be used on each job, out of defendant's warehouse and made reports covering same.

Despite the fact that from October 24, 1938 until July 7, 1942, agreements were in existence between the defendant and International Brotherhood of Electrical Workers, through Local Union No. 511, Valdosta, Georgia, the bargaining agency of defendant's employees, which provided that foremen in charge of a crew of more than four men other than himself should not work with tools except in case of an emergency, Porter did perform work of the same nature as that performed by other members of his crew. The evidence was conflicting as to the percentage of his time he devoted to work of the same nature as that performed by other members of his crew, but I find that more than twenty per cent of his time was devoted to such work.

The difference between what was actually paid and what should have been paid during the entire period from October 24, 1938 to July 7, 1942, was $345.77, which amount the said B. G. Porter was entitled to have received as overtime compensation, provided that he was not employed in a bona fide Executive or Administrative capacity within the meaning of Section 13(a) (1) of the Act and the valid regulations of the Administrator thereunder.

A reasonable attorneys' fee in this case is fixed at a total of $400.

Conclusions of Law

1. Defendant is subject to the provisions of the Fair Labor Standards Act of 1938 and the court has jurisdiction of the parties and the subject matter.

2. Conceding that B. G. Porter's employment by defendant came within all of the other terms of the definition of an Executive, as laid down by Section 541.1 of the regulations of the Administrator, issued as of October 24, 1940 and December 1940 respectively, it did not comply with the last provision in said definition, with reference to the hours of work of the same nature as that performed by non-exempt employees. More than twenty per cent of Porter's time having been devoted to work of the same nature as that performed by other members of his crew, he was not employed by defendant in a bona fide executive capacity and he was improperly exempted from the provisions of the Act.

3. The hourly rate is variable in different weeks and the rate for each week is determined by dividing the number of hours worked that week into the weekly salary. The weekly salary is determined by multiplying the monthly salary by twelve, and then dividing the result by fifty-two.

4. Mrs. B. G. Porter, as administratrix of the estate of B. G. Porter, deceased, is entitled to recover from defendant the sum of $345.77, as set out in the Findings of Fact, and an additional equal sum as liquidated damages, and also the further sum of $400 attorneys' fees.